GEORGE W. HURLBURT *v.* WILLARD KNEELAND.

*Principal and agent.*

Where there is an actual want of authority from the principal for the acts of his special agent, the former will not be liable therefor; but *aliter,* where there is an authority for such acts, notwithstanding the agent has violated his private instructions as to the mode of its execution.

BOOK ACCOUNT.　The auditor reported that shortly previous to the 1st of April, 1855, the plaintiff and defendant had a con-

versation relative to some hay which the former proposed to sell to the latter, which conversation, however, did not then result in any contract; that a few days afterwards one Brooks called on the plaintiff and represented to him that the defendant had directed him to purchase the hay of the plaintiff on the defendant's account; that the plaintiff then sold the hay, as he supposed, to the defendant through Brooks, whom he supposed to be the defendant's agent, and that a day was agreed upon between the plaintiff and Brooks when the hay should be weighed off to the defendant.

On that day the defendant received eighteen hundred and fifty pounds of the hay, and he subsequently paid the plaintiff therefor. While they were weighing the hay, the defendant told the plaintiff's agent, who was weighing it, that he was to have the whole of it, and it was then supposed there were at least one and one-half tons of the hay.

The auditor further reported that the defendant's testimony tended to prove that he only authorized Brooks to purchase on his account one-half of the plaintiff's hay, and that the other half was purchased by Brooks on his own account.

The plaintiff offered no evidence of Brooks' authority to purchase the hay on the defendant's account, except as above detailed.

The auditor found that Brooks was authorized by the defendant to purchase one-half of the hay on the latter's account, and no more, that the defendant took that quantity and had paid the plaintiff for it, that Brooks represented to the plaintiff that he was authorized to buy the whole of the hay for the defendant, and that the plaintiff acted on this representation, supposing it to be true.

The county court, at the December Term, 1856,—POLAND, J., presiding,—rendered judgment upon the receipt for the defendant, to which the plaintiff excepted.

*J. Ross*, for the plaintiff.

*O. T. Brown*, for the defendant.

REDFIELD, Ch. J. There is some evidence reported by the

auditor in this case which might lead one to conjecture, if not to conclude, that the auditor might without any great stretch of inference, have come to the conclusion that the defendant did ratify at least, if not authorize, the purchase of all the hay purchased of the plaintiff by Brooks, and that in fact it ought to be regarded as a purchase by the defendant.

But the facts are not so found. The auditor reports expressly that Brooks was authorized by the defendant to purchase one-half of the hay on his account, and no more, and that the defendant carried away his half and has paid the plaintiff for the same. This seems to us decisive of the case. It is not a case where the authority extends to the whole, and special instructions are given by the principal to his agent in regard to the bargain, affecting one-half. In such case it is well settled that the principal is bound to the extent of the authority conferred notwithstanding the agent, even if he be a special agent, depart from his instructions. This is expressly decided in the leading and familiar case of *Fenn* v. *Harrison*, 3 Term 754; opinion of Ashhurst, J., p. 757; Bayley, J., in *Pickering* v. *Busk*, 15 East. 45. The elaborate opinion of Ch. J. Parker, in *Hatch* v. *Taylor*, 10 N. H. 538, goes upon the same distinction. The present case seems to be one of *want of authority*, in the agent. The contract does not, therefore, bind the defendant.

Judgment affirmed.